Tracey Aders (SBN: 353851)
Robert Herrera (SBN: 314497)
ADERS & HERRERA, APC
1775 E. Lincoln Ave., Suite 100
Anaheim, CA 92805
Phone: (949) 229-8449 / Facsimile: (949) 996-5152
E-Mail: Team@Aderslaw.com

Attorneys for Plaintiff, Annie Swayne

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Annie Swayne, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC, a North Carolina limited liability company; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 8:25-cv-00543-SRM-DFM<br><br>CIVIL UNLIMITED<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Premises Liability<br>2. General Negligence |

Plaintiff, Annie Swayne ("SWAYNE"), alleges as follows:

I.

GENERAL ALLEGATIONS

1. This action arises out of a fall that occurred on June 1, 2024, at the premises of Defendants, which resulted in injuries and damages to Plaintiff, Annie Swayne.

II.

JURISDICTION AND VENUE

2. Venue is proper in this jurisdiction because Defendant Lowe's Home Centers, LLC ("LOWES") is a limited liability company with its principal place of business in Mooresville,

North Carolina, and it owns, operates, manages, and controls a retail store located in the City of Huntington Beach, County of Orange, State of California.

3. Furthermore, this Court has jurisdiction over the matter as the incident giving rise to this action occurred within the City of Huntington Beach, County of Orange, State of California.

4. Additionally, PLAINTIFF resides and is domiciled in the City of Garden Grove, County of Orange, State of California.

5. Therefore, this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and1446.

III.

PARTIES

**A. PLAINTIFF**

7. At all relevant times mentioned in this Complaint, PLAINTIFF was lawfully present on Defendant's premise and sustained injuries as a result of a fall that occurred on the property on June 1, 2024.

**B. DEFENDANTS**

8. At all times mentioned in this Complaint, LOWES was a North Carolina limited liability company with its principal place of business in Mooresville, North Carolina. At all times mentioned in this Complaint, LOWES owned, managed and controlled the property that was involved in this incident.

IV.

SUMMARY OF FACTS

9. On or about June 1, 2024, PLAINTIFF, was lawfully present at the LOWES store located at 8175 Warner Avenue, Huntington Beach, California 92647 ("PREMISE").

///

10. While walking through the parking lot of the premises, Plaintiff encountered a hazardous and poorly maintained speed hump. The speed hump was unmarked, lacked sufficient visual warnings or paint to indicate its presence, and blended in with the surrounding asphalt, making it difficult to detect.

11. As a result, PLAINTIFF tripped and fell over the unmarked speed hump and was violently thrown to the ground causing PLAINTIFF to strike her head and the left side of her body, suffering a fracture to the neck of her left femur.

12. PLAINTIFF was unable to stand or move due to immediate and intense pain and was transported by ambulance to the emergency room at Hoag Hospital in Newport Beach, California.

13. Upon arrival at Hoag Hospital on June 1, 2024, diagnostic imaging confirmed a femoral neck fracture. PLAINTIFF was admitted to the orthopedic unit and remained hospitalized overnight for monitoring and pre-operative clearance.

14. On June 2, 2024, PLAINTIFF underwent a total left hip arthroplasty (hip replacement surgery).

## V.

## FIRST CAUSE OF ACTION – PREMISES LIABILTIY

15. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

16. Defendants, and each of them, owned, managed, entrusted, controlled, and maintained the PREMISES, where the incident occurred, that caused PLAINTIFF's fall.

17. Defendants, and each of them, failed to exercise ordinary care in the ownership, maintenance, and operation of the subject premises by allowing a hazardous, unmarked speed hump to exist in the parking lot, failing to inspect the area for dangerous conditions, and failing to provide adequate warnings or visual indicators of the speed hump's presence. In doing so, Defendants created an unreasonable risk of harm that directly resulted in PLAINTIFF's serious injuries.

///

18. As a direct and proximate cause of this negligence, carelessness, recklessness, and unlawfulness of Defendants, and each of them, and the resulting damages as previously alleged, PLAINTIFF was injured in health, strength, and activity, and sustained injuries to the body and shock and injury to the nervous system and person, all of which caused and continues to cause PLAINTIFF great mental, physical, and nervous pain and suffering. These injuries, some of which require surgery, will result in some permanent disability to PLAINTIFF, all to PLAINTIFF's general damage.

19. As a direct and proximate cause of this negligence, carelessness, recklessness, and unlawfulness of Defendants, and each of them, PLAINTIFF necessarily employed physicians and other medical professionals and services for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses and will have to incur like expenses in the future, all in amounts presently unknown to PLAINTIFF. PLAINTIFF therefore asks for leave of court to prove that amount at the time of trial.

## VI.

## SECOND CAUSE OF ACTION – GENERAL NEGLIGENCE

20. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

21. Defendants, and each of them, owned, operated, managed, controlled, and maintained the PREMISES where the incident occurred, specifically the parking lot of LOWE'S store located at 8175 Warner Avenue, Huntington Beach, California. While Defendants did not physically cause the speed hump that led to the incident, they allowed the dangerous condition to exist without ensuring the area was reasonably safe for patrons and without implementing proper inspection, maintenance, or warning procedures.

22. Defendants, and each of them, owed a duty to all reasonably foreseeable persons, including PLAINTIFF, to operate, manage, maintain, and control the PREMISES in a safe condition, and to prevent the existence of concealed or hazardous conditions that could cause injury to invitees.

///

23. Defendants breached this duty by failing to properly inspect, paint, mark, or maintain the speed hump, and by failing to provide any warnings to alert patrons to the hazard. These acts and omissions created an unreasonable risk of harm, as it was foreseeable that individuals traversing the parking lot—such as PLAINTIFF—would not perceive the unmarked speed hump and could suffer serious injury from tripping over it.

24. Defendants, and each of them, knew or, through the exercise of reasonable care, should have known of the dangerous condition created by the unmarked speed hump. PLAINTIFF's injuries were the direct and proximate result of Defendants' failure to identify, correct, or warn of the unsafe condition on the property.

25. Defendants, and each of them, failed to repair the unreasonable risk of harm, failed to protect against the foreseeable danger it posed, and failed to provide adequate warning to patrons, including PLAINTIFF, of the existing hazard.

26. As a direct and proximate cause of this negligence, carelessness, recklessness, and unlawfulness of Defendants, and each of them, and the resulting damages as previously alleged, PLAINTIFF was injured in health, strength, and activity, and sustained injuries to the body and shock and injury to the nervous system and person, all of which caused and continues to cause PLAINTIFF great mental, physical, and nervous pain and suffering. These injuries, some of which require surgery, will result in some permanent disability to PLAINTIFF, all to PLAINTIFF's general damage.

27. As a direct and proximate cause of this negligence, carelessness, recklessness, and unlawfulness of Defendants, and each of them, PLAINTIFF necessarily employed physicians and other medical professionals and services for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses and will have to incur like expenses in the future, all in amounts presently unknown to PLAINTIFF. PLAINTIFF therefore asks for leave of court to prove that amount at the time of trial.

///

///

///

VII.

PRAYER FOR RELIEF

28. PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1. For non-economic damages according to proof;
2. For economic damages according to proof;
3. For pre-judgment interest, according to proof;
4. For costs of suit, including attorney's fees and expert fees;
5. For such other and further relief as the Court deems just and proper.

Dated: May 6, 2025

ADERS & HERRERA, APC

Robert Herrera, Attorney for Plaintiff